GREGG A. THORNTON (SBN 146282)
DANIELLE K. LEWIS (SBN 218274)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendants
City of Morgan Hill; City of Morgan Hill Police Department; Chief of Police Bruce Cumming; Officer Brookman; Officer Max Cervantez; Officer Joseph Burdick; Officer Jerry Neumayer; Officer Jeffrey Brandon; Det. Brandon Richards

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maria Jesus Balasquez, Rudy Martinez and Rudy Balasquez Martinez, Jr.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>City of Morgan Hill in its official and Municipal Capacity, City of Morgan Hill Police Department in its corporate capacity, Chief of Police Bruce Cumming in his official and individual capacity, Officers Brookman in his official and individual capacity, Max Cervantez in his official and individual capacity, Joseph Burdick in his official and individual capacity, Jerry Neumeyer in his official and individual capacity, Jeffrey Brandon in his official and individual capacity, Det. Brandon Richards, in his official and individual capacity and Does 1-25, inclusive,<br><br>　　　　Defendants. | CASE NO.  CV 10 05206 LHK<br><br>**ORDDER RE STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER**<br>AS MODIFIED BY THE COURT |

/ / /

---

1

**STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER**
**CV 10 05206 LHK**

**IT IS HEREBY STIPULATED** by and between plaintiffs Maria Jesus Balasquez, Rudy Martinez and Rudy Balasquez Martinez, Jr., and defendants City of Morgan Hill (erroneously sued herein as City of Morgan Hill Police Department), Chief Of Police Bruce Cumming, Officer Brookman, Officer Max Cervantez, Officer Joseph Burdick, Officer Jerry Neumayer, Jeffrey Brandon and Det. Brandon Richards, through their respective counsel of record, as follows:

1. <u>Information and Matters Subject to this **ORDER**</u>. This stipulation and order (hereafter **"ORDER"**) shall govern all **"CONFIDENTIAL INFORMATION"** (as defined hereafter) and all information derived therefrom, including, but not limited to, all copies, excerpts or summaries thereof. All references herein to **"PARTIES"** shall include plaintiffs Maria Jesus Balasquez, Rudy Martinez and Rudy Balasquez Martinez, and defendants City of Morgan Hill (erroneously sued herein as City of Morgan Hill Police Department), Chief Of Police Bruce Cumming, Officer Brookman, Officer Max Cervantez, Officer Joseph Burdick, Officer Jerry Neumayer, Jeffrey Brandon and Det. Brandon Richards and their respective counsel of record in the above-entitled action.

2. <u>Definitions</u>. The following definitions shall apply in the construction and application of this **ORDER**.

  a. The term **"INFORMATION"** means any materials, as defined by Federal Rule of Evidence 1001, or materials produced by the **PARTIES** or any person or entity subject to their employ or control in conjunction with this proceeding, including, but not limited to, (1) documents produced pursuant to requests under Federal Rule of Civil Procedure 34, (2) documents produced pursuant to subpoena, (3) documents produced voluntarily or in

response to informal request, and (4) answers to deposition questions set forth in deposition transcripts.

 b. The term **"CONFIDENTIAL"** means any **INFORMATION** designated as **CONFIDENTIAL** by the **PARTIES** pursuant to Fed. R. Civ. P. 26(c). Only the following **INFORMATION** may be so designated:

 (1) All **INFORMATION** regarding medical records, personnel records, employment files, performance evaluations, physical/mental evaluations, disciplinary action, citizen complaints, internal affairs investigations, and all other employment-related writings regarding any employee of the City of Morgan Hill produced in this action;

 (2) All **INFORMATION** regarding policies, procedures, manuals, and other documents regarding personnel practices of the City of Morgan Hill produced in this action; and

 (3) Any other **INFORMATION** stipulated to by the **PARTIES**.

 C. The term **"QUALIFIED PERSONS"** means (1) the Presiding Judge and any of his or her staff, (2) any referee appointed by a judge in this matter to preside over any hearings in this matter and any of his or her staff, (3) a jury empanelled for trial, (4) stenographic reporters engaged in these proceedings as are necessarily incident to the preparation for trial and/or trial of this action, (5) counsel for the **PARTIES** in this litigation, (6) paralegal, stenographic, clerical, and secretarial personnel employed by counsel for the **PARTIES**, (7) the **PARTIES** to these proceedings, including their officers, directors, agents, and employees, and (8) any person employed by counsel for the **PARTIES** in this proceeding to assist such counsel in this proceeding, such as experts or other consultants.

d. The term **"DISCLOSE"** or any version thereof means to show, give, make available, or communicate in any fashion to any person any **CONFIDENTIAL INFORMATION**, information concerning the existence or content of any **CONFIDENTIAL INFORMATION**, or any copy, portion, version, or summary of any **CONFIDENTIAL INFORMATION**.

3. Use of **CONFIDENTIAL INFORMATION**. **CONFIDENTIAL INFORMATION** shall be used solely in connection with, and only as necessary to, this action and the preparation and trial of this action, or any related proceeding, including, but not limited to, appeal or writ, and not for any other purpose, including, without limitation, any civil, criminal, administrative, or personal purpose or function. **CONFIDENTIAL INFORMATION** shall not be **DISCLOSED** to anyone other than **QUALIFIED PERSONS** and shall not be **DISCLOSED** except in accordance with this **ORDER**. Control and distribution of all **CONFIDENTIAL INFORMATION** shall be the responsibility of the attorneys of record and the **PARTIES**. The provisions of this **ORDER**, insofar as they restrict the communication and use of **CONFIDENTIAL INFORMATION** produced hereunder, copies of summaries thereof, or information obtained therefrom, shall continue to be binding after the conclusion of this action.

4. Designation of **INFORMATION** as **CONFIDENTIAL**. In the preparation for any trial of this proceeding, and any appeal or writ taken herein, **CONFIDENTIAL INFORMATION** shall be designated in the following manner:

a. **INFORMATION** shall be designated as **CONFIDENTIAL** only after a bona fide and good faith determination by the producing

4

> The producing party shall exercise restraint and care in designating information for protection in conformity with N.D. Cal. Model Protective Order Section 5.1.

1  party that the material contains **CONFIDENTIAL INFORMATION** as

2  defined herein, the **DISCLOSURE** and use of which would be

3  detrimental to or invade the privacy of the producing party.

4      b.   Any information sought to be protected is properly

5  subject to protection under FRCP Rule 26(c), and **PARTIES** and

6  counsel shall not designate any discovery material **CONFIDENTIAL**

7  without first making a good faith determination that protection

8  is warranted.

9      c.   Any party seeking protection under FRCP Rule 26(c) has

10 the burden of proof to show that such protection is warranted.

11     d.   The designation of **INFORMATION** as **CONFIDENTIAL** shall be

12 made, whenever possible prior to production, by placing or

13 affixing on each page of such material in a manner that will not

14 interfere with its legibility the words **"CONFIDENTIAL,"** or by the

15 designation of categories of documents as **"CONFIDENTIAL."**  If

16 such designation is not possible prior to production, the

17 designation must be made by the producing party within twenty

18 (20) days after disclosure.  The **INFORMATION** shall be treated as

19 **CONFIDENTIAL** until the twenty (20) days has elapsed.  Within such

20 twenty (20)-day period, the disclosing party must notify all

21 **PARTIES** in writing of the precise **INFORMATION** sought to be

22 designated as **CONFIDENTIAL**.  Absent such notice, the **INFORMATION**

23 cannot be treated as **CONFIDENTIAL**.

24     **5.   DISCLOSURE** of **CONFIDENTIAL INFORMATION**.  Each counsel

25 whose law firm are actual signatories to this **ORDER**, to whom

26 **CONFIDENTIAL INFORMATION** is furnished, shown, or **DISCLOSED**,

27 shall, prior to the time s/he receives access to such materials,

28 be provided by counsel furnishing her/him such material a copy of

Selman Breitman LLP
ATTORNEYS AT LAW

this **ORDER** and agree to be bound by its terms, and shall certify that s/he has carefully read the **ORDER** and fully understands its terms.  Such person must also consent to be subject to the personal jurisdiction of the United States District Court, Northern District of California, with respect to any proceeding relating to enforcement of this **ORDER**, including any proceeding relating to contempt of court.  The certificate shall be in the form attached hereto.  Counsel making **DISCLOSURE** to any person as described herein shall retain the original executed copy of such certificate until final termination of this case.

  a. <u>**DISCLOSURE** During Depositions</u>.  In the event that **CONFIDENTIAL INFORMATION** is **DISCLOSED**, revealed, utilized, examined or referred to during depositions, then only **QUALIFIED PERSONS**, the deponent, and the court reporter shall be present.  If **CONFIDENTIAL INFORMATION** is made exhibits to, or if **CONFIDENTIAL INFORMATION** is the subject of examination during, a deposition, then arrangements will be made with the court reporter to separately bind those exhibits and those portions of the transcript containing **CONFIDENTIAL INFORMATION**, <u>and each page on which such **CONFIDENTIAL INFORMATION** appears shall be stamped with the word **"CONFIDENTIAL."**</u>  Those exhibits and transcript portions shall be placed in a sealed envelope or other appropriate sealed container on which shall be endorsed "<u>Balasquez, *et. al.* v. City of Morgan Hill, *et al.*</u>, Confidential Pursuant to Order in Case No. CV 10 05206 LHK," and a statement substantially in the following form:

  "THIS ENVELOPE IS SEALED PURSUANT TO STIPULATED PROTECTIVE ORDER OF COURT, IN "<u>Balasquez, *et. al.* v. City of Morgan Hill, *et*</u>

6

**STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER**
**CV 10 05206 LHK**

1  *al.,* UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF
2  CALIFORNIA, CASE NO. CV 10 05206 LHK, AND CONTAINS CONFIDENTIAL
3  DOCUMENTS PRODUCED OR GENERATED BY PARTIES TO THE PROCEEDING.  IT
4  IS NOT TO BE OPENED, OR THE CONTENTS THEREOF TO BE DISCLOSED,
5  EXCEPT TO QUALIFIED PERSONS AS DEFINED BY SAID ORDER."

6      Each court reporter participating in any deposition
7  involving **CONFIDENTIAL INFORMATION** shall be informed of and
8  provided with a copy of this **ORDER** and exhibit hereto and shall
9  be requested to sign a copy of said exhibit.  Furthermore, each
10 court reporter participating in any deposition involving
11 **CONFIDENTIAL INFORMATION** shall show a copy of this **ORDER** to any
12 other person participating in the preparation of any deposition
13 transcript and shall have such person sign a copy of said
14 exhibit.

15     b.  <u>Papers Filed in Court</u>.  Counsel for plaintiffs and
16 counsel for defendants are directed to place any documents to be
17 filed under seal with the clerk of the court, pursuant to this
18 **ORDER**, in an envelope containing the title of the document,
19 marked "SEALED" and labeled:

20     "THIS ENVELOPE IS SEALED PURSUANT TO STIPULATED PROTECTIVE
21 ORDER OF COURT, IN "<u>Balasquez, *et. al.* v. City of Morgan Hill, *et</u>
22 <u>al.,*</u> UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF
23 CALIFORNIA, CASE NO. CV 10 05206 LHK, AND CONTAINS CONFIDENTIAL
24 DOCUMENTS.  IT IS NOT TO BE OPENED, OR THE CONTENTS THEREOF TO BE
25 DISCLOSED, ABSENT FURTHER ORDER OF THE COURT."

26     Documents to be filed under seal are to be filed directly
27 with the supervisor of the filing window.  Upon failure of the
28 filing party to so file a document under seal, the producing


1 party may do so.

2     c. **DISCLOSURE** to Experts. In case of any **DISCLOSURE** to an
3 expert, consultant, or other **QUALIFIED PERSON** under paragraph
4 2(c) above, counsel for the disclosing party shall make
5 reasonable efforts to ensure that the **CONFIDENTIAL INFORMATION**
6 **DISCLOSED** is not disseminated in any form to anyone by such
7 expert, consultant, or other **QUALIFIED PERSON** and that said
8 **CONFIDENTIAL INFORMATION** and any copies or summaries thereof are
9 returned in their entirety to the disclosing party after they are
10 no longer needed in this action.

11     6. **DISCLOSURE** of **CONFIDENTIAL INFORMATION** to Other Than
12 **QUALIFIED PERSONS**. In the event that any party desires
13 **CONFIDENTIAL INFORMATION** to be **DISCLOSED,** discussed, or made
14 available to any person other than a **QUALIFIED PERSON**, such party
15 shall submit to the opposing **PARTY** a written statement
16 specifically identifying the **CONFIDENTIAL INFORMATION** to be
17 **DISCLOSED** and the name, title, and business relationship of the
18 persons with whom they wish to communicate. The opposing **PARTY**
19 shall have fifteen (15) calendar days from the date notice was
20 served to object to the **DISCLOSURE** to any person identified in
21 the notice. If the **PARTIES** are unable to agree on the terms and
22 conditions of the requested **DISCLOSURE,** it may be made only on
23 such terms as the Court may provide. The **PARTY** seeking
24 disclosure may file with the Court and personally serve on
25 opposing **PARTY** a written motion for authority to make such
26 **DISCLOSURE.** Ten (10) days shall be allowed to oppose or
27 otherwise answer any such motion.
28     a. Unless opposing **PARTY** responds timely in writing to the

fifteen (15)-day notification provided for above, the persons named in the notice shall, subject to the terms and conditions of this **ORDER,** be entitled to receive only that **CONFIDENTIAL INFORMATION** specified in this notice.

    7.  <u>**DISCLOSURE** to Author or Addressee</u>.  Nothing in this **ORDER** shall preclude the **DISCLOSURE** of **CONFIDENTIAL INFORMATION** to any person who authored, prepared, was an addressee of, received a copy of, or participated in the preparation of such **CONFIDENTIAL INFORMATION.**

    8  <u>Objections To Designation</u>.^ Should any party to whom **CONFIDENTIAL INFORMATION** is disclosed object to classification of such materials, and should the **PARTIES** be unable to resolve the objection informally, then the objecting party ("the moving party") shall have the burden of moving forward and may move, at any time upon proper notice, for an order determining whether or not the materials are properly designated.  Until a motion is filed and resolved by the Court, all materials designated **CONFIDENTIAL INFORMATION** shall be treated as **CONFIDENTIAL.**  In the event such a motion is made, the party opposing the motion (the "opposing party") shall have the burden of providing and establishing that the **INFORMATION** is protected as privileged within the meaning of and under applicable federal laws and the laws of the State of California.  This burden, imposed on the opposing party, shall include, but shall not be limited to, the burden imposed on any party seeking a protective **ORDER.**

> The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly, in conformity with N.D. Cal. Model Protective Order Section 6.2.

    9.  <u>Objections To Production</u>.  Nothing in this **ORDER** shall be deemed to limit or waive any right of any party to object to discovery with respect to any **INFORMATION** which may be claimed to

be outside the scope of discovery for any reason, privileged, or otherwise protected or protectable under applicable federal laws and the laws of the State of California

  10. <u>Further Protection</u>.  Nothing contained in this **ORDER** shall be deemed to preclude any party at any time (a) from seeking and obtaining from the opposing party or the Court, on appropriate showing, a further protective **ORDER** relating to **CONFIDENTIAL INFORMATION** or relating to any discovery in this case, (b) to apply to the Court for an **ORDER** requiring the removal of the **CONFIDENTIAL** designation from any document pursuant to Paragraph 4 above; and (c) to apply to the Court for any relief from a provision of this Stipulation and **ORDER**, upon good cause shown.  Nothing in this **ORDER** shall be construed as preventing any party from making application to the Court for revision of the terms of this **ORDER.**

  11. <u>Contempt</u>.  Any violation of the provisions set forth in this **ORDER** ~~is~~ may be punishable as contempt of this Court.

  12. <u>General Provisions</u>.

  a. This **ORDER** is the result of negotiations by attorneys for the **PARTIES** and shall not be construed against any party or signatory to this **ORDER** because that **PARTY** or their counsel may have drafted this **ORDER** in whole or in part.  This **ORDER** shall be construed and interpreted fairly in accordance with its purpose and plain meaning.

  b. This **ORDER** shall continue to be binding after the conclusion of this litigation, except that a party may seek written permission from the opposing **PARTIES** or further **ORDER** of the Court with respect to dissolution or modification of this

**ORDER.**

c.  Within thirty (30) days after the conclusion of this case, any and all original, copy, portion, version, or summary of any **CONFIDENTIAL INFORMATION** materials in the possession, control, and/or custody of any **QUALIFIED PERSON**, other than the Court and court staff, shall be returned.  Counsel of record for a **PARTY** returning **CONFIDENTIAL INFORMATION** shall verify by declaration under oath that all such **INFORMATION** has been returned and that it has not retained any such **INFORMATION** or derivatives therefrom.  Counsel may retain copies of briefs filed with the Court and work product so long as it is maintained in accordance with this **ORDER.**

d.  Disclosure of **CONFIDENTIAL INFORMATION** shall not constitute a waiver of the attorney-client privilege, work-product doctrine, or any other applicable rights or privilege.

e.  Notices pursuant to this **ORDER** shall be sent to the attorneys for the **PARTIES** listed on the signature page of this **ORDER** unless notified in writing of a change.

f.  This **ORDER** shall not be admissible at the time of trial and shall not constitute an admission by any of the **PARTIES** that **INFORMATION** identified as **CONFIDENTIAL** is in fact confidential or the subject of entitlement thereto.  This **ORDER** is entered into solely to expedite discovery and meet the respective concerns of the **PARTIES.**  This **ORDER** shall not be made known to any trier of fact, nor shall it be considered an admission of validity to any claim of confidentiality hereunder except as is necessary to enforce the terms of the **ORDER** as provided herein.

g.  The Court's jurisdiction to enforce the terms of this order shall extend until six months after the final termination

of this action.

The above is stipulated to by counsel for plaintiffs Maria Jesus Balasquez, Rudy Martinez and Rudy Balasquez Martinez, Jr., and by counsel for defendants City of Morgan Hill (erroneously sued herein as City of Morgan Hill Police Department); Chief Of Police Bruce Cumming; Officer Brookman; Officer Max Cervantez; Officer Joseph Burdick; Officer Jerry Neumayer; Jeffrey Brandon; and Det. Brandon Richards as follows:

DATED: August 23, 2011     LAW OFFICE OF RONALD Z. BERKI

By:    */s/ Ronald Z. Berki*
RONALD Z. BERKI
Attorneys for Plaintiffs

DATED: August 23, 2011     SELMAN BREITMAN LLP

By:    */s/ Danielle K. Lewis*
GREGG A. THORNTON
DANIELLE K. LEWIS
Attorneys for Defendants
City of Morgan Hill (erroneously sued herein as City of Morgan Hill Police Department); Chief Of Police Bruce Cumming; Officer Brookman; Officer Max Cervantez; Officer Joseph Burdick; Officer Jerry Neumayer; Jeffrey Brandon; Det. Brandon Richards

**STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER**
CV 10-05206 LHK

Selman Breitman LLP
ATTORNEYS AT LAW

230894.1 555.30271

**ORDER**

**IT IS SO ORDERED.**

Dated: _9/28/2011_____    By: _____
                                Hon. Paul S. Grewal
                                United States Magistrate Judge
                                Northern District of California