1   GREGG A. THORNTON (SBN 146282)
    DANIELLE K. LEWIS (SBN 218274)
2   SELMAN BREITMAN LLP
    33 New Montgomery, Sixth Floor
3   San Francisco, CA  94105
    Telephone: (415) 979-0400
4   Facsimile: (415) 979-2099

5   Attorneys for Defendants
    City of Morgan Hill; City of
6   Morgan Hill Police Department;
    Chief of Police Bruce Cumming;
7   Officer Brookman; Officer Max
    Cervantez; Officer Joseph
8   Burdick; Officer Jerry Neumayer;
    Officer Jeffrey Brandon; Det.
9   Brandon Richards

10                  UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12  Maria Jesus Balasquez, Rudy          CASE NO.  CV 10 05206 LHK
    Martinez and Rudy Balasquez
13  Martinez, Jr.,

14            Plaintiffs,              **ORDDER RE STIPULATION REGARDING
                                       CONFIDENTIALITY AND FOR
15       v.                            PROTECTIVE ORDER**
                                       AS MODIFIED BY THE COURT
16  City of Morgan Hill in its
    official and Municipal Capacity,
17  City of Morgan Hill Police
    Department in its corporate
18  capacity, Chief of Police Bruce
    Cumming in his official and
19  individual capacity, Officers
    Brookman in his official and
20  individual capacity, Max
    Cervantez in his official and
21  individual capacity, Joseph
    Burdick in his official and
22  individual capacity, Jerry
    Neumeyer in his official and
23  individual capacity, Jeffrey
    Brandon in his official and
24  individual capacity, Det.
    Brandon Richards, in his
25  official and individual capacity
    and Does 1-25, inclusive,
26
              Defendants.
27

28  / / /

Selman Breitman LLP
ATTORNEYS AT LAW

1    **IT IS HEREBY STIPULATED** by and between plaintiffs Maria

2    Jesus Balasquez, Rudy Martinez and Rudy Balasquez Martinez, Jr.,

3    and defendants City of Morgan Hill (erroneously sued herein as

4    City of Morgan Hill Police Department), Chief Of Police Bruce

5    Cumming, Officer Brookman, Officer Max Cervantez, Officer Joseph

6    Burdick, Officer Jerry Neumayer, Jeffrey Brandon and Det. Brandon

7    Richards, through their respective counsel of record, as follows:

8        1.  Information and Matters Subject to this **ORDER**.  This

9    stipulation and order (hereafter **"ORDER"**) shall govern all

10   **"CONFIDENTIAL INFORMATION"** (as defined hereafter) and all

11   information derived therefrom, including, but not limited to, all

12   copies, excerpts or summaries thereof.  All references herein to

13   **"PARTIES"** shall include plaintiffs Maria Jesus Balasquez, Rudy

14   Martinez and Rudy Balasquez Martinez, and defendants City of

15   Morgan Hill (erroneously sued herein as City of Morgan Hill

16   Police Department), Chief Of Police Bruce Cumming, Officer

17   Brookman, Officer Max Cervantez, Officer Joseph Burdick, Officer

18   Jerry Neumayer, Jeffrey Brandon and Det. Brandon Richards and

19   their respective counsel of record in the above-entitled action.

20       2.  Definitions.  The following definitions shall apply in

21   the construction and application of this **ORDER**.

22       a.  The term **"INFORMATION"** means any materials, as defined

23   by Federal Rule of Evidence 1001, or materials produced by the

24   **PARTIES** or any person or entity subject to their employ or

25   control in conjunction with this proceeding, including, but not

26   limited to, (1) documents produced pursuant to requests under

27   Federal Rule of Civil Procedure 34, (2) documents produced

28   pursuant to subpoena, (3) documents produced voluntarily or in

Selman Breitman LLP
ATTORNEYS AT LAW

1  response to informal request, and (4) answers to deposition

2  questions set forth in deposition transcripts.

3  　　b.　The term **"CONFIDENTIAL"** means any **INFORMATION** designated

4  as **CONFIDENTIAL** by the **PARTIES**.  Only the following **INFORMATION**

5  may be so designated: pursuant to Fed. R. Civ. P. 26(c).

6  　　(1)　All **INFORMATION** regarding medical records, personnel

7  records, employment files, performance evaluations,

8  physical/mental evaluations, disciplinary action, citizen

9  complaints, internal affairs investigations, and all other

10  employment-related writings regarding any employee of the City of

11  Morgan Hill produced in this action;

12  　　(2)　All **INFORMATION** regarding policies, procedures,

13  manuals, and other documents regarding personnel practices of the

14  City of Morgan Hill produced in this action; and

15  　　(3)　Any other **INFORMATION** stipulated to by the **PARTIES**.

16  　　C.　The term **"QUALIFIED PERSONS"** means (1) the Presiding

17  Judge and any of his or her staff, (2) any referee appointed by a

18  judge in this matter to preside over any hearings in this matter

19  and any of his or her staff, (3) a jury empanelled for trial, (4)

20  stenographic reporters engaged in these proceedings as are

21  necessarily incident to the preparation for trial and/or trial of

22  this action, (5) counsel for the **PARTIES** in this litigation, (6)

23  paralegal, stenographic, clerical, and secretarial personnel

24  employed by counsel for the **PARTIES**, (7) the **PARTIES** to these

25  proceedings, including their officers, directors, agents, and

26  employees, and (8) any person employed by counsel for the **PARTIES**

27  in this proceeding to assist such counsel in this proceeding,

28  such as experts or other consultants.

Selman Breitman LLP
ATTORNEYS AT LAW

**STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER**
CV 10-05206 LHK

d.  The term **"DISCLOSE"** or any version thereof means to show, give, make available, or communicate in any fashion to any person any **CONFIDENTIAL INFORMATION**, information concerning the existence or content of any **CONFIDENTIAL INFORMATION**, or any copy, portion, version, or summary of any **CONFIDENTIAL INFORMATION**.

3.  Use of **CONFIDENTIAL INFORMATION**.  **CONFIDENTIAL INFORMATION** shall be used solely in connection with, and only as necessary to, this action and the preparation and trial of this action, or any related proceeding, including, but not limited to, appeal or writ, and not for any other purpose, including, without limitation, any civil, criminal, administrative, or personal purpose or function.  **CONFIDENTIAL INFORMATION** shall not be **DISCLOSED** to anyone other than **QUALIFIED PERSONS** and shall not be **DISCLOSED** except in accordance with this **ORDER**.  Control and distribution of all **CONFIDENTIAL INFORMATION** shall be the responsibility of the attorneys of record and the **PARTIES**.  The provisions of this **ORDER**, insofar as they restrict the communication and use of **CONFIDENTIAL INFORMATION** produced hereunder, copies of summaries thereof, or information obtained therefrom, shall continue to be binding after the conclusion of this action.

4.  Designation of **INFORMATION** as **CONFIDENTIAL**.  In the preparation for any trial of this proceeding, and any appeal or writ taken herein, **CONFIDENTIAL INFORMATION** shall be designated in the following manner:

a.  **INFORMATION** shall be designated as **CONFIDENTIAL** only after a bona fide and good faith determination by the producing

4

Selman Breitman LLP
ATTORNEYS AT LAW

The producing party shall exercise restraint and care in designating information for protection in conformity with N.D. Cal. Model Protective Order Section 5.1.

1  party that the material contains **CONFIDENTIAL INFORMATION** as

2  defined herein, the **DISCLOSURE** and use of which would be

3  detrimental to or invade the privacy of the producing party.

4     b.   Any information sought to be protected is properly

5  subject to protection under FRCP Rule 26(c), and **PARTIES** and

6  counsel shall not designate any discovery material **CONFIDENTIAL**

7  without first making a good faith determination that protection

8  is warranted.

9     c.   Any party seeking protection under FRCP Rule 26(c) has

10  the burden of proof to show that such protection is warranted.

11     d.   The designation of **INFORMATION** as **CONFIDENTIAL** shall be

12  made, whenever possible prior to production, by placing or

13  affixing on each page of such material in a manner that will not

14  interfere with its legibility the words **"CONFIDENTIAL,"** or by the

15  designation of categories of documents as **"CONFIDENTIAL."**  If

16  such designation is not possible prior to production, the

17  designation must be made by the producing party within twenty

18  (20) days after disclosure.  The **INFORMATION** shall be treated as

19  **CONFIDENTIAL** until the twenty (20) days has elapsed.  Within such

20  twenty (20)-day period, the disclosing party must notify all

21  **PARTIES** in writing of the precise **INFORMATION** sought to be

22  designated as **CONFIDENTIAL.**  Absent such notice, the **INFORMATION**

23  cannot be treated as **CONFIDENTIAL.**

24     **5.   DISCLOSURE of CONFIDENTIAL INFORMATION.**  Each counsel

25  whose law firm are actual signatories to this **ORDER,** to whom

26  **CONFIDENTIAL INFORMATION** is furnished, shown, or **DISCLOSED,**

27  shall, prior to the time s/he receives access to such materials,

28  be provided by counsel furnishing her/him such material a copy of

Selman Breitman LLP
ATTORNEYS AT LAW

this **ORDER** and agree to be bound by its terms, and shall certify
that s/he has carefully read the **ORDER** and fully understands its
terms.  Such person must also consent to be subject to the
personal jurisdiction of the United States District Court,
Northern District of California, with respect to any proceeding
relating to enforcement of this **ORDER,** including any proceeding
relating to contempt of court.  The certificate shall be in the
form attached hereto.  Counsel making **DISCLOSURE** to any person as
described herein shall retain the original executed copy of such
certificate until final termination of this case.

a.  **DISCLOSURE** During Depositions.  In the event that
**CONFIDENTIAL INFORMATION** is **DISCLOSED,** revealed, utilized,
examined or referred to during depositions, then only **QUALIFIED**
**PERSONS,** the deponent, and the court reporter shall be present.
If **CONFIDENTIAL INFORMATION** is made exhibits to, or if
**CONFIDENTIAL INFORMATION** is the subject of examination during, a
deposition, then arrangements will be made with the court
reporter to separately bind those exhibits and those portions of
the transcript containing **CONFIDENTIAL INFORMATION,** and each page
on which such **CONFIDENTIAL INFORMATION** appears shall be stamped
with the word **"CONFIDENTIAL."**  Those exhibits and transcript
portions shall be placed in a sealed envelope or other
appropriate sealed container on which shall be endorsed
"Balasquez, *et. al.* v. City of Morgan Hill, *et al.*, Confidential
Pursuant to Order in Case No. CV 10 05206 LHK," and a statement
substantially in the following form:

"THIS ENVELOPE IS SEALED PURSUANT TO STIPULATED PROTECTIVE
ORDER OF COURT, IN "Balasquez, *et. al.* v. City of Morgan Hill, *et*

Selman Breitman LLP
ATTORNEYS AT LAW

6

**STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER**
CV 10 05206 LHK

1  *al.,* UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF

2  CALIFORNIA, CASE NO. CV 10 05206 LHK, AND CONTAINS CONFIDENTIAL

3  DOCUMENTS PRODUCED OR GENERATED BY PARTIES TO THE PROCEEDING.  IT

4  IS NOT TO BE OPENED, OR THE CONTENTS THEREOF TO BE DISCLOSED,

5  EXCEPT TO QUALIFIED PERSONS AS DEFINED BY SAID ORDER."

6      Each court reporter participating in any deposition

7  involving **CONFIDENTIAL INFORMATION** shall be informed of and

8  provided with a copy of this **ORDER** and exhibit hereto and shall

9  be requested to sign a copy of said exhibit.  Furthermore, each

10  court reporter participating in any deposition involving

11  **CONFIDENTIAL INFORMATION** shall show a copy of this **ORDER** to any

12  other person participating in the preparation of any deposition

13  transcript and shall have such person sign a copy of said

14  exhibit.

15      b.  <u>Papers Filed in Court</u>.  Counsel for plaintiffs and

16  counsel for defendants are directed to place any documents to be

17  filed under seal with the clerk of the court, pursuant to this

18  **ORDER**, in an envelope containing the title of the document,

19  marked "SEALED" and labeled:

20      "THIS ENVELOPE IS SEALED PURSUANT TO STIPULATED PROTECTIVE

21  ORDER OF COURT, IN "<u>Balasquez, *et. al.* v. City of Morgan Hill</u>, *et*

22  *al.,* UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF

23  CALIFORNIA, CASE NO. CV 10 05206 LHK, AND CONTAINS CONFIDENTIAL

24  DOCUMENTS.  IT IS NOT TO BE OPENED, OR THE CONTENTS THEREOF TO BE

25  DISCLOSED, ABSENT FURTHER ORDER OF THE COURT."

26      Documents to be filed under seal are to be filed directly

27  with the supervisor of the filing window.  Upon failure of the

28  filing party to so file a document under seal, the producing

Selman Breitman LLP
ATTORNEYS AT LAW

7

**STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER**
**CV 10 05206 LHK**

1    party may do so.

2         c.   **DISCLOSURE** to Experts.   In case of any **DISCLOSURE** to an

3    expert, consultant, or other **QUALIFIED PERSON** under paragraph

4    2(c) above, counsel for the disclosing party shall make

5    reasonable efforts to ensure that the **CONFIDENTIAL INFORMATION**

6    **DISCLOSED** is not disseminated in any form to anyone by such

7    expert, consultant, or other **QUALIFIED PERSON** and that said

8    **CONFIDENTIAL INFORMATION** and any copies or summaries thereof are

9    returned in their entirety to the disclosing party after they are

10   no longer needed in this action.

11        6.   **DISCLOSURE** of **CONFIDENTIAL INFORMATION** to Other Than

12   **QUALIFIED PERSONS**.   In the event that any party desires

13   **CONFIDENTIAL INFORMATION** to be **DISCLOSED**, discussed, or made

14   available to any person other than a **QUALIFIED PERSON,** such party

15   shall submit to the opposing **PARTY** a written statement

16   specifically identifying the **CONFIDENTIAL INFORMATION** to be

17   **DISCLOSED** and the name, title, and business relationship of the

18   persons with whom they wish to communicate.   The opposing **PARTY**

19   shall have fifteen (15) calendar days from the date notice was

20   served to object to the **DISCLOSURE** to any person identified in

21   the notice.   If the **PARTIES** are unable to agree on the terms and

22   conditions of the requested **DISCLOSURE,** it may be made only on

23   such terms as the Court may provide.   The **PARTY** seeking

24   disclosure may file with the Court and personally serve on

25   opposing **PARTY** a written motion for authority to make such

26   **DISCLOSURE.**   Ten (10) days shall be allowed to oppose or

27   otherwise answer any such motion.

28        a.   Unless opposing **PARTY** responds timely in writing to the

**Selman Breitman** LLP
ATTORNEYS AT LAW

230894.1  555.30271

1  fifteen (15)-day notification provided for above, the persons

2  named in the notice shall, subject to the terms and conditions of

3  this **ORDER**, be entitled to receive only that **CONFIDENTIAL**

4  **INFORMATION** specified in this notice.

5      7.  **DISCLOSURE** to Author or Addressee.  Nothing in this

6  **ORDER** shall preclude the **DISCLOSURE** of **CONFIDENTIAL INFORMATION**

7  to any person who authored, prepared, was an addressee of,

8  received a copy of, or participated in the preparation of such

9  **CONFIDENTIAL INFORMATION.**

> The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly, in conformity with N.D. Cal. Model Protective Order Section 6.2.

10     8  Objections To Designation.  Should any party to whom

11 **CONFIDENTIAL INFORMATION** is disclosed object to classification of

12 such materials, and should the **PARTIES** be unable to resolve the

13 objection informally, then the objecting party ("the moving

14 party") shall have the burden of moving forward and may move, at

15 any time upon proper notice, for an order determining whether or

16 not the materials are properly designated.  Until a motion is

17 filed and resolved by the Court, all materials designated

18 **CONFIDENTIAL INFORMATION** shall be treated as **CONFIDENTIAL.**  In

19 the event such a motion is made, the party opposing the motion

20 (the "opposing party") shall have the burden of providing and

21 establishing that the **INFORMATION** is protected as privileged

22 within the meaning of and under applicable federal laws and the

23 laws of the State of California.  This burden, imposed on the

24 opposing party, shall include, but shall not be limited to, the

25 burden imposed on any party seeking a protective **ORDER.**

26     9.  Objections To Production.  Nothing in this **ORDER** shall

27 be deemed to limit or waive any right of any party to object to

28 discovery with respect to any **INFORMATION** which may be claimed to

Selman Breitman LLP
ATTORNEYS AT LAW

230894.1 555.30271

STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER
CV 10-05206-LHK

1  be outside the scope of discovery for any reason, privileged, or

2  otherwise protected or protectable under applicable federal laws

3  and the laws of the State of California

4      10.  Further Protection.  Nothing contained in this **ORDER**

5  shall be deemed to preclude any party at any time (a) from

6  seeking and obtaining from the opposing party or the Court, on

7  appropriate showing, a further protective **ORDER** relating to

8  **CONFIDENTIAL INFORMATION** or relating to any discovery in this

9  case, (b) to apply to the Court for an **ORDER** requiring the

10  removal of the **CONFIDENTIAL** designation from any document

11  pursuant to Paragraph 4 above; and (c) to apply to the Court for

12  any relief from a provision of this Stipulation and **ORDER,** upon

13  good cause shown.  Nothing in this **ORDER** shall be construed as

14  preventing any party from making application to the Court for

15  revision of the terms of this **ORDER.**

16      11.  Contempt.  Any violation of the provisions set forth in

17  this **ORDER** ~~is~~ may be punishable as contempt of this Court.

18      12.  General Provisions.

19      a.  This **ORDER** is the result of negotiations by attorneys

20  for the **PARTIES** and shall not be construed against any party or

21  signatory to this **ORDER** because that **PARTY** or their counsel may

22  have drafted this **ORDER** in whole or in part.  This **ORDER** shall be

23  construed and interpreted fairly in accordance with its purpose

24  and plain meaning.

25      b.  This **ORDER** shall continue to be binding after the

26  conclusion of this litigation, except that a party may seek

27  written permission from the opposing **PARTIES** or further **ORDER** of

28  the Court with respect to dissolution or modification of this

230894.1 555.30271

Selman Breitman LLP
ATTORNEYS AT LAW

1   **ORDER**.

2       c.  Within thirty (30) days after the conclusion of this

3   case, any and all original, copy, portion, version, or summary of

4   any **CONFIDENTIAL INFORMATION** materials in the possession,

5   control, and/or custody of any **QUALIFIED PERSON** shall be

, other than the Court and court staff,

6   returned.  Counsel of record for a **PARTY** returning **CONFIDENTIAL**

7   **INFORMATION** shall verify by declaration under oath that all such

8   **INFORMATION** has been returned and that it has not retained any

9   such **INFORMATION** or derivatives therefrom.  Counsel may retain

10  copies of briefs filed with the Court and work product so long as

11  it is maintained in accordance with this **ORDER**.

12      d.  Disclosure of **CONFIDENTIAL INFORMATION** shall not

13  constitute a waiver of the attorney-client privilege, work-

14  product doctrine, or any other applicable rights or privilege.

15      e.  Notices pursuant to this **ORDER** shall be sent to the

16  attorneys for the **PARTIES** listed on the signature page of this

17  **ORDER** unless notified in writing of a change.

18      f.  This **ORDER** shall not be admissible at the time of trial

19  and shall not constitute an admission by any of the **PARTIES** that

20  **INFORMATION** identified as **CONFIDENTIAL** is in fact confidential or

21  the subject of entitlement thereto.  This **ORDER** is entered into

22  solely to expedite discovery and meet the respective concerns of

23  the **PARTIES**.  This **ORDER** shall not be made known to any trier of

24  fact, nor shall it be considered an admission of validity to any

25  claim of confidentiality hereunder except as is necessary to

26  enforce the terms of the **ORDER** as provided herein.

27      g.  The Court's jurisdiction to enforce the terms of this

28  order shall extend until six months after the final termination

**Selman Breitman** LLP
ATTORNEYS AT LAW

**STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER**
CV 10-05206-LHK

1    of this action.

2         The above is stipulated to by counsel for plaintiffs Maria

3    Jesus Balasquez, Rudy Martinez and Rudy Balasquez Martinez, Jr.,

4    and by counsel for defendants City of Morgan Hill (erroneously

5    sued herein as City of Morgan Hill Police Department); Chief Of

6    Police Bruce Cumming; Officer Brookman; Officer Max Cervantez;

7    Officer Joseph Burdick; Officer Jerry Neumayer; Jeffrey Brandon;

8    and Det. Brandon Richards as follows:

9

10

     DATED: August 23, 2011      LAW OFFICE OF RONALD Z. BERKI

11

12

                                 By:    /s/ Ronald Z. Berki
13                                      _____
                                        RONALD Z. BERKI
14                                      Attorneys for Plaintiffs

15   DATED: August 23, 2011      SELMAN BREITMAN LLP

16

                                 By:    /s/ Danielle K. Lewis
17                                      _____
                                        GREGG A. THORNTON
18                                      DANIELLE K. LEWIS
                                        Attorneys for Defendants
19                                      City of Morgan Hill (erroneously
                                        sued herein as City of Morgan
20                                      Hill Police Department); Chief Of
                                        Police Bruce Cumming; Officer
21                                      Brookman; Officer Max Cervantez;
                                        Officer Joseph Burdick; Officer
22                                      Jerry Neumayer; Jeffrey Brandon;
                                        Det. Brandon Richards

23

24

25

26

27

28

12

**Selman Breitman** LLP
ATTORNEYS AT LAW

1

**ORDER**

2          **IT IS SO ORDERED.**

3

4    Dated: _9/28/2011_____      By: _Paul S. Grewal_____
5                                     Hon. Paul S. Grewal
                                      United States Magistrate Judge
6                                     Northern District of California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

230894.1  555.30271

STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER
CV 10 05206 LHK